# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **FREDERICK T. HOSKINS,** | ) | |
| Plaintiff, | ) | Case No. 7:15CV00496 |
| v. | ) | **OPINION AND ORDER** |
| **RED ONION STATE PRISON, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Frederick T. Hoskins, Pro Se Plaintiff.*

Plaintiff Frederick T. Hoskins, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Hoskins alleges, among other things, that Red Onion State Prison has no Jewish or Messianic Jewish service and that Hoskins has not received several religious items he requested from the chaplain or ordered from vendors. After reviewing Hoskins' allegations, I will dismiss claims against certain defendants, but will grant him an opportunity to submit an amended complaint correcting certain deficiencies in his current submissions.

As an initial matter, Hoskins cannot pursue a § 1983 claim against two of the defendants he has named: Red Onion itself and Red Onion's "personal property staff." Section 1983 permits an aggrieved party to file a civil action against a

person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Neither Red Onion nor its property staff as a group qualifies as a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (finding that state and its agencies are not persons under § 1983) Therefore, I will summarily dismiss Hoskins' claims against these defendants under 28 U.S.C. § 1915A(b)(1).[1]

I must also dismiss Hoskins' claim against Counselor Sowards. He alleges: "Counselor Sowards informed me she is going to charge me money for asking her to sign legal postage loan withdrawal form [and] said that I can not get any more monthly statement[s] for the U.S. District Court, Western Regional, because I'm not going to work her like that." (Compl. 2, ECF No. 1.) Hoskins wants the court to order Sowards to apologize for this comment. I cannot find that Sowards' alleged actions violated Hoskins' constitutional rights in any respect, as required to state a § 1983 claim against this defendant. *See, e.g., Henslee v. Lewis*, 153 Fed. App'x 179, 180 (4th Cir. 2005) (unpublished) (finding that allegations of verbal abuse and harassment by a prison official does not state any constitutional claim) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979).

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" (28 U.S.C. § 1915A(a)) may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I will not dismiss Hoskins' claims against the chaplain or the warden at this time. However, Hoskins is advised that his current complaint does not state sufficient facts to hold either of these defendants liable under § 1983 for violations of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that state official may be held liable under § 1983 only where plaintiff states facts affirmatively showing that official "acted personally" to deprive plaintiff of a constitutionally protected right) (internal quotation marks and citation omitted).

For the stated reasons, it is now **ORDERED** as follows:

1. Hoskins' § 1983 claims are DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), as to the following defendants, whom the clerk will terminate as parties: Red Onion State Prison, its personal property staff, and Counselor Sowards;

2. Hoskins is hereby DIRECTED to submit within 20 days from entry of this order an amended complaint, to replace the original complaint as the full statement of his claims. Failure to submit an amended complaint may result in dismissal of part or all of the complaint for failure to state a claim. The amended complaint should include relevant dates and other factual details in support of Hoskins's claims, including but not limited to the following types of information: (a) Hoskins' religious beliefs; (b) specific requests he made to prison officials to participate in religious services and responses to those requests; (c) how each defendant knew of Hoskins' religious needs; (d) what religious texts or items Hoskins ordered from vendors, when those items arrived at Red Onion, and what happened to them; (e) when Hoskins asked the chaplain for religious items and whether such items are available at the prison for distribution to indigent inmates; and (f) how Hoskins' ability to exercise his religious

beliefs suffered as a result of the defendants' actions. Each individual whom Hoskins wishes to sue in the amended complaint must be included in the heading, identified as a defendant. In the alternative to submitting an amended complaint, Hoskins may move for voluntary dismissal of this action without prejudice.[2]

DATED: October 19, 2015

/s/ James P. Jones
United States District Judge

---

[2] I note that inmates may not bring any civil action concerning prison conditions before exhausting available administrative remedies at the prison. *See* 42 U.S.C. § 1997e(a). Hoskins submitted a verified statement indicating that no administrative remedies were available to him, either because the issues raised are nongrievable or the institution has no grievance procedure. I take judicial notice of the fact that Red Onion does have an available grievance procedure. I also advise Hoskins that if the defendants provide evidence that he could have filed grievances about each of his claims in this § 1983 action, but failed to do so before filing the complaint, the entire lawsuit may be summarily dismissed under 42 U.S.C. § 1997e(a), but he may still be required to pay the filing fee. In the event that Hoskins has not exhausted his administrative remedies as to one or more of his claims, he may move for dismissal of this lawsuit without prejudice so that he can refile his claims after completing the grievance procedures to the highest available level of appeal.