# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **FREDERICK T. HOSKINS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:15CV00496 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **RED ONION STATE PRISON, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Frederick T. Hoskins, Pro Se Plaintiff.*

Frederick T. Hoskins, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and qualified to proceed in forma pauperis under 28 U.S.C. § 1915(b). Hoskins alleges that officials at Red Onion State Prison are not sufficiently accommodating his right to engage in Jewish religious practices. By Opinion and Order entered October 19, 2015, I summarily dismissed some claims against some defendants, advised him that his remaining contentions did not present sufficient facts to state any actionable § 1983 claim, and granted Hoskins 20 days to submit an Amended Complaint.[1] Hoskins has not

---

[1] Specifically, my order advised Hoskins that

> [t]he amended complaint should include relevant dates and other factual details in support of Hoskins's claims, including but not limited to the following types of information: (a) Hoskins' religious beliefs; (b) specific requests he made to prison officials to participate in religious services and

done so, however. After review of the record and the existing Complaint, I conclude that this action must be summarily dismissed for failure to state any constitutional claims.

I.

Hoskins' statement of his § 1983 claims and the allegations in support thereof is brief. He alleges that after "religious text and scriptures" were mailed to him, the Red Onion property officials did not deliver the items to him within a week, as required by policy, making him wait for months to receive the items. (Compl. 2, ECF No. 1.) Officers told him that understaffing had caused the delay. Hoskins also alleges that he has been "denied [his] right to [his] religious beliefs" because Red Onion does not provide "Jewish or Messianic Jewish services." (*Id.*) He also alleges that he asked the chaplain to provide him the following items: "a yarmulke, talit, and kippa, and a siddur, and Hebrew/English Bible (Old and New Testaments), and a Hebrew/Greek/English Interlinier Bible; and Hebrew/English Concordance and dictionary (Biblical) [and] Hebrew (Biblical) Language Text."

---

responses to those requests; (c) how each defendant knew of Hoskins' religious needs; (d) what religious texts or items Hoskins ordered from vendors, when those items arrived at Red Onion, and what happened to them; (e) when Hoskins asked the chaplain for religious items and whether such items are available at the prison for distribution to indigent inmates; and (f) how Hoskins' ability to exercise his religious beliefs suffered as a result of the defendants' actions.

(Opinion & Order 3-4, Oct. 19, 2015, ECF No. 7.)

(*Id.*)  He states, "I need these items for prayer, worship and study.  I'm an indigent inmate."  (*Id.*)

To these claims, Hoskins names as defendants Warden Barksdale and the chaplain.  He seeks monetary damages and injunctive relief, directing prompt delivery of property and the religious items he has requested.

II.

When the plaintiff is proceeding in forma pauperis, the court must dismiss an action or claim if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).  To state a claim, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Inmates "clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citation omitted).  This principle limits prison "policies that impose a substantial burden on a prisoner's

-3-

Case 7:15-cv-00496-JPJ-RSB   Document 8   Filed 12/30/15   Page 3 of 6   Pageid#: 29

right to practice his religion." *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014) (citing *Lovelace v. Lee*, 472 F.3d 174, 198 & n. 8 (4th Cir. 2006)). A "substantial burden" is one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981).

As a practical matter, however, the First Amendment requires prison officials only to reasonably accommodate inmates' ability to exercise their sincere religious beliefs. *Wall*, 741 F.3d at 499. Thus, even when an inmate claims that officials' refusal of a requested religious accommodation has substantially burdened his religious exercise, the officials' action is constitutional if it furthers legitimate penological interests. *Id.* To make this determination, the court must consider four factors:

> (1) whether there is a "valid, rational connection" between the prison regulation or action and the interest asserted by the government, or whether this interest is "so remote as to render the policy arbitrary or irrational"; (2) whether "alternative means of exercising the right . . . remain open to prison inmates" . . .; (3) what impact the desired accommodation would have on security staff, inmates, and the allocation of prison resources; and (4) whether there exist any "obvious, easy alternatives" to the challenged regulation or action.

*Lovelace,* 472 F.3d at 200 (quoting *Turner v. Safley*, 482 U.S. 78, 89-92 (1987)). Finally, an official's inadvertent or negligent failure to accommodate an inmate's religious belief is not a constitutional violation. *Id.* at 201.

Hoskins' claim fails at the outset, because he does not set forth facts on which he could prove that the defendants' actions have substantially burdened his sincere religious beliefs. Indeed, he fails to clearly identify his religious beliefs and states no respect in which current conditions at Red Onion have pressured him substantially to violate his beliefs or prevented him from practicing his beliefs in alternative ways.

Hoskins' complaint also fails to allege that the defendants have acted intentionally to interfere with his religious practice. He does not show that he notified them of his desire for Jewish services or that any others of his faith are available for or interested in such an accommodation. Similarly, Hoskins fails to state facts indicating that the property officers purposely delayed delivery of his religious texts. Defendants' inadvertent acts that have interfered with Hoskins' religious exercise in some way are not constitutional violations actionable under § 1983.

Finally, Hoskins' indigence does not give him a First Amendment right to have the prison chaplain purchase and provide to him the various religious items he has requested. The First Amendment merely requires prison officials to refrain from interfering with inmates' ability to locate, purchase and obtain such materials on their own, insofar as use of such items is not inconsistent with legitimate prison interests. *See, e.g., Lovelace*, 472 F.3d at 200.

For the stated reasons, I will summarily dismiss Hoskins' action under § 1915(e)(2)(b)(i).

A separate Order will be entered herewith.

DATED: December 30, 2015

/s/ James P. Jones
United States District Judge

-6-

Case 7:15-cv-00496-JPJ-RSB   Document 8   Filed 12/30/15   Page 6 of 6   Pageid#: 32